**XIAO MEI FANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–2659–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Frank R. Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Kohsei Ugumori, Law Clerk, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. B.D. PARKER, and Circuit Judges.

**SUMMARY ORDER**

Petitioner Xiao Mei Fang, a native and citizen of the People's Republic of China, seeks review of a May 12, 2006 order of the BIA affirming the March 9, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Mei Fang,* No. A 96 267 331 (B.I.A. May 12, 2006), *aff'g* No. A 96 267 331 (Immig. Ct. N.Y. City Mar. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to con-

clude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

In the instant case, the record supports the IJ's main finding that it was implausible that the county officials would attempt to sterilize Fang or his wife, when Fang never refused the officials' request to build a warehouse. The IJ accurately observed that Fang's testimony contradicted this assertion. Fang testified that the army officer "appeared to be very happy," and that he told the officials he would begin to purchase the building materials and return the next day. Given that Fang expressed an intention to return and that the army officer seemed "happy," it was implausible that a county official would come to his home with a family planning official on the day that Fang said he would return, order his wife's sterilization, and demand that he agree to help them with the construction project. Because this implausibility involved the crux of Fang's claim, the IJ properly relied on it to find that Fang's testimony was not credible. *See Zhou Yun Zhang*, 386 F.3d at 74 (stressing that the Court generally will not disturb adverse credibility determinations that are based on "contradictory evidence or inherently improbable testimony" about matters material to an applicant's claim of persecution) (internal quotation marks omitted).

Additionally, because Fang fails to raise the denial of his request for CAT relief in his petition for review, any challenge to the IJ's resolution of this issue is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.